IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BILL AND LORI SADLER, husband and wife,
and MARCEL AND PAMELA THIRY,
husband and wife,

        08cv0951
        **ELECTRONICALLY FILED**

    Plaintiffs,

    v.

STATE FARM FIRE AND CASUALTY CO.,

    Defendant.

### ORDER OF COURT GRANTING PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant's Motion for Summary Judgment (doc. no. 21) and Plaintiffs' Motion to Withdraw Deemed Admissions (doc. no. 31). Defendant's Motion for Summary Judgment (doc. no. 21) is predicated entirely upon plaintiffs' deemed admissions to interrogatories as a sanction for violation of Fed.R.Civ.P. 36, in that plaintiffs did not respond to defendant's interrogatories within 30 days. Plaintiffs respond, in their Motion to Withdraw Deemed Admissions (doc. no. 31), that they filed their responses a mere 15 days late, and that the failure to respond in a timely fashion was due to difficulties in communication and trust between plaintiffs and their counsel, which has now been resolved. (The difficulties in communication and trust between plaintiffs and their counsel are a matter of record. See docs. no. 16, 17 and 18.)

Although the Court does not approve of plaintiffs' failure to communicate with their attorney in participating in the discovery process, if the Court does not allow plaintiffs to withdraw their deemed admissions and grants the motion for summary judgment based solely

upon said deemed admissions, the Court will have essentially granted default judgment because plaintiffs' answers to interrogatories were submitted 15 days late. Entry of dismissal as a discovery sanction is a "drastic" approach that is "disfavored absent the most egregious circumstances." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003), citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 867 (3d Cir. 1984) . After careful consideration of the *Poulis* factors,[1] the Court finds that such a drastic sanction is simply not warranted under the circumstances of this case. Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (doc. no. 21) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Withdraw Deemed Admissions (doc. no. 31) is GRANTED.

SO ORDERED this 19th day of November, 2008

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] In *Poulis*, the United States Court of Appeals for the Third Circuit explicitly held that a district court should only dismiss a case for discovery violations or failure to prosecute after consideration of the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith ; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.3d at 868.