IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BILL AND LORI SADLER, husband and wife,
and MARCEL AND PAMELA THIRY,
husband and wife,

    Plaintiffs,

  v.

STATE FARM FIRE AND CASUALTY CO.,

    Defendant.

08cv0951
**ELECTRONICALLY FILED**

## MEMORANDUM AND ORDER OF COURT
## GRANTING PLAINTIFFS' MOTION TO REMAND

**I. Introduction.**

Plaintiffs Bill and Lori Sadler, husband and wife, are the owners of a house in Lawrence County, Pennsylvania that was damaged by an explosion at another nearby house; Plaintiffs Marcel and Pamela Thiry, husband and wife, are the owners of an adjacent house in Lawrence County, Pennsylvania that also was damaged by the explosion. Both houses were insured by defendant State Farm Fire and Casualty Company, and both couples made claims with State Farm to cover the damages to their respective houses.

Plaintiffs jointly filed a complaint in the Court of Common Pleas of Lawrence County against State Farm setting forth various state common law and statutory claims, including breach of contract and bad faith in failing to reasonably pay all of the damages claimed by each couple. Each couple's set of claims (i.e., the Sadler set and the Thiry set) in the complaint demanded damages in an indeterminate amount in excess of $20,000, plus punitive damages and attorneys fees.

On July 8, 2008, State Farm filed a Notice of Removal (doc. no. 1) pursuant to the

removal statute, 28 U.S.C. § 1441, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties and an amount in controversy in excess of the $75,000 threshold. Plaintiffs have filed a Motion to Remand to the Court of Common Pleas of Lawrence County. The diversity of the parties' citizenship is undisputed; plaintiffs' motion to remand is predicated solely on their contention that the "amount in controversy" does not meet the $75,000 threshold. The Court agrees with plaintiffs that defendant has not met its burden of showing that, at the time of filing the complaint, it was a legal certainty that the amount in controversy was at least $75,000, and will therefore grant plaintiffs' motion to remand to the Court of Common Pleas.

## II. Removal Jurisdiction Based Upon Diversity of Citizenship.

### A. In General.

The federal courts are courts of limited jurisdiction which is defined strictly by Congress, and so it is a "bedrock principle that federal courts have no jurisdiction without statutory authorization." *Exxon Mobile Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 543, 553 (2005). Where the basis for removal is diversity of citizenship under section 1332, "the congressional intent to restrict federal diversity jurisdiction [must be] honored." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), citing, inter alia, *Nelson v. Keefer*, 451 F.2d 289, 293-95 (3d Cir. 1971) (federal judiciary has been "too timid" in eliminating the "plethora of cases which do not belong in federal courts."). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis*, 860, 864-65 (3d Cir. 1996), quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26,

2

29 (3d Cir. 1985). See also *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

    **B.**     **Burden of Proof.**

Because the federal courts have limited jurisdiction, the burden of establishing federal court jurisdiction is always on the proponent of jurisdiction, i.e., plaintiff in a case originally filed in federal court and defendant in a state case removed to federal court. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists."). Thus a removing defendant bears a heavy burden to persuade the federal court to which the state action was removed that it has jurisdiction under the removal statutes. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Batoff*, 977 F.2d at 851; *Snap-On Tools Corp.*, 913 F.2d at 111.

    **C.**     **Amount in Controversy.**

When an action is removed on the basis of diversity, the requisite diversity of citizenship and jurisdictional amount ordinarily must appear on the face of the complaint or the removal petition. See *Levy v. Weissman*, 671 F.2d 766, 767 (3d Cir. 1982). "The allegations on the face of the complaint control the amount in controversy unless it appears 'to a legal certainty the claim is really for less than the jurisdictional amount. . . .'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, (1961), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A removing defendant, as the party invoking federal jurisdiction, "must prove to a legal certainty that plaintiff can recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

Uncertainty arises where, as here, the complaint is for an indeterminate amount or is not a

complaint for money damages at all. Where the complaint does not limit its request for damages to a precise monetary amount, the court may look to the notice of removal, and should make an independent evaluation of the value of the claim from the record before it, i.e., the state court records including the complaint, and the removal notice. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993), citing with approval *Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591, 596 (M.D.Pa. 1986); *Omega Sports, Inc. v. Sunkyong America, Inc.*, 872 F.Supp. 201, 202 (E.D.Pa. 1995) ("To determine if the jurisdictional amount is satisfied . . . , this Court can look to several sources: first, I should examine the complaint itself; second, if the damages are unspecified in the complaint, I can look to defendant's notice of removal; third, I can independently assess the value of the claim."), citing *Angus*; *Stone v. Food Haulers, Inc.*, 1989 WL 95244 (E.D.Pa. 1989) ("Because the plaintiff is the master of her complaint, she is free to seek less than the jurisdictional amount, but when a complaint does not include a specific demand for a monetary amount, the court can look to the removal petition or make an independent evaluation of the claim."), citing *Corwin Jeep*.

"Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 695 (3d Cir.1995), citing *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957) . Similarly, even "though actual damages may not be established until later in the litigation, the amount in controversy is measured as of the date of removal, a practice similar to that in original jurisdiction suits where the inquiry is directed to the time when the complaint is filed. . . . When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded even if the jurisdictional deficiency becomes evident

only after trial." *Meritcare*, 166 F.3d at 217. Events subsequent to filing the complaint that reduce the amount in controversy below the statutory minimum set forth in 28 U.S.C. § 1332 do not, ordinarily, require dismissal. *State Farm Mutual Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996). However, a "distinction must be made between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Id*. The "subsequent revelation" exception (i.e., subsequent revelations show there was never jurisdiction in the first place) stems from the *Red Cab* case, 303 U.S. at 289, and allows courts to look beyond the allegations of the complaint when subsequent events reveal that the amount actually in controversy at the time of filing was less than the threshold amount.[1]

Claims may not be aggregated among multiple plaintiffs to reach the required amount in controversy, but rather, each plaintiff's claim must stand on its own. *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008), citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). Claims for punitive damages may be aggregated with compensatory damages in determining the amount in controversy, unless they are "patently frivolous and without

---

[1] In *Carlisle v. Matson Lumber Co.*, 186 Fed.Appx. 219, 226 (3d Cir. 2006), the Court of Appeals for the Third Circuit emphasized that this subsequent revelation/ subsequent event analysis "is the kind of determination that courts are explicitly permitted, if not encouraged, to rely upon when questioning the jurisdictional basis for a suit." A respected treatise cautions that the failure to satisfy the jurisdictional amount from the outset, "although not recognized until later, is not a subsequent change that can be ignored." 15 James W. Moore et al., *Moore's Federal Practice* ¶ 102.104[3], at 102-167 (3d ed. 1998). In *Carlisle*, the Court of Appeals held that District Court did not err in dismissing the case for want of jurisdiction at the summary judgment stage, when it found that res judicata precluded some of plaintiff's claims that had initially been factored into the threshold jurisdictional amount, and that the remaining claim did not satisfy the amount in controversy requirement for diversity jurisdiction, relying on *Powell* decision.

foundation." *Id*. Punitive damages claims are patently frivolous and without foundation if unavailable as a matter of state substantive law. *Id*. Where attorneys fees are recoverable under statute, they also are included in the amount in controversy and not excluded as costs. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); see also *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction . See, e.g., *Red Cab Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). There is, however, a broad good faith requirement in a plaintiff's complaint with respect to the amount in controversy. *Red Cab*, 303 U.S. at 288; *Golden*, 382 F.3d at 354-55. Good faith in this context is entwined with the "legal certainty" test, so that a defendant will be able to remove the case to federal court by "show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

### III. Application.

The Motion of Plaintiffs to Remand for Lack of Jurisdiction (doc. no. 24) asserts, in part, that based "upon events occurring subsequent to the removal of this case, specifically, upon an outside evaluation of their case, plaintiffs no longer believe that their claims, which must be evaluated individually and may not be aggregated for jurisdictional purposes, exceed the $75,000.00 jurisdictional threshold." On November 5, 2008, this Court entered an Order (doc. no. 25) requiring plaintiffs to file an affidavit with regard to the claimed valuation of the two

respective properties, both at the outset of the litigation and currently, according to the "outside evaluation." In response, plaintiffs filed four separate, but virtually identical, affidavits, each of which states, in relevant part, as follows:

> 6. That following the filing of this lawsuit, Attorney Cohen had requested a local contractor by the name of Rick Cioffi to review all of the documents regarding our home, and, in addition, to inspect our homes.
>
> 7. My understanding is that Mr. Cioffi did review all of the documents, but, instead of inspecting the inside of our homes, reviewed a video tape which Attorney Cohen had made.
>
> 8. Attorney Cohen has advised us that he has not requested a written report from Mr. Cioffi.
>
> 9. Attorney Cohen has advised us that Mr. Cioffi has expressed the opinion to him that he cannot support a claim for damages meeting the $75,000.00 jurisdictional threshold.

Plaintiffs' Affidavits (doc. no. 26-29).

Because the complaint in state court was for an indiscriminate amount (over $20,000), the complaint does not establish that plaintiffs were ever seeking damages equal to the threshold amount. The Cioffi evaluation, although conducted post-filing of the state court complaint, obviously is intended to assess the damage to the houses caused by the explosion and existing at the time of the complaint. Plaintiffs' Affidavits and the evaluation demonstrate, therefore, that each couple's damages did not equal or exceed $75,000, and defendant has not proffered any evidence or demands to establish the contrary.

Moreover, the Court considers plaintiffs' Affidavits, filed in direct response to a Court order, to be a judicial admission by plaintiffs that each set of claims (i.e., the Sadler and the Thiry sets of claims) cannot equal the threshold amount of $75,000, even if punitive claims and

attorneys fees were aggregated for each set.  Defendant is unable to show to a legal certainty that the amount in controversy exceeds the statutory minimum, and therefore, the Court must grant the motion to remand for lack of jurisdiction.

Accordingly, the Motion of Plaintiffs to Remand for Lack of Jurisdiction (doc. no. 24) is HEREBY GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall remand this case to the Court of Common Pleas of Lawrence County <u>forthwith</u>, and shall mark this case closed.

SO ORDERED this 19th day of November, 2008

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties